1
2
3
4
5
6
                        **UNITED STATES DISTRICT COURT**
7
                            **DISTRICT OF NEVADA**
8    U-HAUL CO. OF NEVADA, INC., a Nevada         )
     corporation; and U-HAUL INTERNATIONAL,       )
9    INC., a Nevada corporation                   )
                                                  )
10                  Plaintiffs,                    )          2:06-cv-618-RCJ-PAL
                                                  )
11          v.                                     )          **ORDER**
                                                  )
12                                                )
     GREGORY J. KAMER, LTD d/b/a KAMER            )
13   ZUCKER & ABBOTT, a Nevada                    )
     professional corporation; DEBRA             )
14   WILCHER; a Nevada resident; NATHAN W.        )
     ALBRIGHT, a Virginia resident; STEVEN        )
15   WAMSER, a Nevada resident; DOES 1-10;        )
     inclusive; and ROE CORPORATIONS 1-10,        )
16   inclusive,                                    )
                                                  )
17                  Defendants.                    )
     _____ )
18
            Currently before the Court are Kamer Zucker & Abbott's ("Kamer" or "Kamer firm")
19
     Request for Ruling Upon Pending Motions (#96) and Plaintiffs' U-Haul Company of Nevada,
20
     Inc. and U-Haul International Inc.'s Request for the Entry of Default (#100).  The Court heard
21
     oral argument on June 3, 2011.
22
                                   **BACKGROUND**
23
            In May 2006, the United States filed a petition for removal alleging that an officer of the
24
     United States, Steven Wamser, had been named as a defendant in the case.  (Pet. for
25
     Removal (#1) at 1-2).  The government attached both Plaintiffs' complaint and a certification
26
     for Wamser stating that he was acting within the scope of his employment as an employee of
27
     the United States at all relevant times in the complaint.  (*See* Compl. (#1-1) at 2; *see*
28
     Certification of Scope of Emp't (#1-1) at 25).

1    Plaintiffs complaint alleged the following against Defendants Gregory J Kamer, Ltd.

2    d/b/a Kamer Zucker & Abbott; Debra Wilcher; Nathan W. Albright; and Steven Wamser.

3    (Compl. (#1-1) at 2).  Wamser and Albright were employees of the NLRB.  (*Id.* at 3).  In 2004,

4    the NLRB initiated proceedings against Plaintiffs and appointed Wamser and Albright to

5    prosecute the action.  (*Id.* at 4).  Plaintiffs hired the Kamer firm to provide legal representation

6    during the NLRB proceedings.  (*Id.*).  At some time beginning in 2004 through October 2005,

7    Albright and Wilcher, a paralegal employed by the Kamer firm, "conducted and carried on an

8    illicit and clandestine sexual relationship."  (*Id.* at 5).  Albright's wife, Jennifer Cory, confronted

9    Albright about the affair in February 2005 and threatened to report him to the state bar and the

10   NLRB.  (*Id.*).  In March of 2005, Wilcher left the law firm's employment but then returned to

11   work there in early-May 2005.  (*Id.*).  During the course of the affair, Wilcher provided Albright

12   "with confidential information, which was reviewed and utilized by" Albright in the NLRB

13   proceeding.  (*Id.* at 6).  The confidential information included a document prepared by the law

14   firm that had provided a critical analysis of the entire proceeding for U-Haul's in-house

15   counsel.  (*Id.*).  Albright and Wilcher had discussed all aspects of the proceeding during their

16   affair.  (*Id.*).  Albright had "influenced" Wilcher to provide him with confidential information

17   pertaining to Plaintiffs' position in the proceeding.  (*Id.*).  Wilcher sat in on and participated in

18   witness preparation, served as custodian for the trial record, and was present throughout the

19   proceedings.  (*Id.*).

20   Plaintiffs alleged that Wamser knew of the affair and had used the confidential

21   information obtained by Albright.  (*Id.*).  On September 30, 2005, an administrative law judge

22   ("ALJ") issued a decision that Plaintiffs had violated the National Labor Relations Act ("NLRA").

23   (*Id.* at 7).  On September 5, 2005, Albright informed the NLRB's Regional Director of his

24   wrongful behavior and asked Wilcher not to disclose the fact that confidential information had

25   been exchanged between them.  (*Id.*).  On October 13, 2005, Albright contacted the Kamer

26   firm and requested a meeting with Gregory Kamer.  (*Id.* at 8).  Upon learning of Albright's

27   meeting with Kamer, Wilcher provided Kamer with a one-page summary of her relationship

28   with Albright, orally informed Kamer of the affair, and denied giving any confidential

information to Albright.  (*Id.*).  On October 15, 2005, Albright told Kamer that he had obtained

confidential information, including the aforementioned document, from Wilcher.  (*Id.*).  The

Kamer firm initiated an investigation and placed Wilcher on administrative leave.  (*Id.*).  On

October 19, 2005, an NLRB investigator, Terry Morgan, contacted the firm and requested an

interview with Wilcher.  (*Id.* at 9).  After Morgan interviewed Wilcher on October 20, 2005,

Wilcher resigned.  (*Id.*).  After meeting with the partners of the law firm that same day, Morgan

learned that nobody at the law firm had informed Plaintiffs of Albright's conduct.  (*Id.*).  Morgan

told the law firm that she would research whether she had a duty to inform Plaintiffs herself.

(*Id.*).  After meeting with Morgan, the partners held a meeting and, as a result, the law firm

contacted Plaintiffs' general counsel and informed him of the affair.  (*Id.*).

Plaintiffs alleged sixteen causes of action.  (*Id.* at 10).  In the first claim for relief,

Plaintiffs alleged conversion against Albright and Wilcher for exerting an act of domain over

their confidential communications.  (*Id.*).  In the second claim for relief, Plaintiffs alleged fraud

against Albright and Wilcher.  (*Id.* at 11).  In the third claim for relief, Plaintiffs alleged

constructive fraud against Albright and Wilcher.  (*Id.* at 12).  In the fourth claim for relief,

Plaintiffs alleged civil conspiracy against Albright and Wilcher.  (*Id.* at 13).  In the fifth claim for

relief, Plaintiffs alleged malpractice and professional misconduct against Albright.  (*Id.*).  In the

sixth and seventh claims for relief, Plaintiffs alleged negligent supervision, professional

misconduct, and acting in concert against Wamser.  (*Id.* at 13-15).

In the eighth claim for relief, Plaintiffs alleged legal malpractice against the Kamer firm

because the firm breached its duty to use skill, prudence, and diligence in exercising and

performing their legal tasks.  (*Id.* at 16).  In the ninth claim for relief, Plaintiffs alleged a breach

of fiduciary duty against the Kamer firm because of the firm's conduct before and after the

discovery of the affair.  (*Id.* at 17).  In the tenth cause of action, Plaintiffs alleged a breach of

the duty to maintain confidentiality against the Kamer firm.  (*Id.*).  In the eleventh cause of

action, Plaintiffs alleged negligence against the law firm because it breached the duty of care

it owed to Plaintiffs.  (*Id.* at 18).  In the twelfth claim for relief, Plaintiffs alleged negligent hiring

against the law firm for hiring and then rehiring Wilcher even though the firm "knew, or should

1   have known" of Wilcher's "unethical and dangerous propensities, including, without limitation,

2   the existence and continuance" of the affair when it rehired Wilcher.  (*Id.* at 19).  In the

3   thirteenth claim for relief, Plaintiffs alleged negligent supervision against the Kamer firm for

4   breach of duty to properly supervise its employee, Wilcher.  (*Id.* at 19-20).  In the fourteenth

5   claim for relief, Plaintiffs alleged vicarious liability/respondeat superior against the Kamer firm

6   for Wilcher's acts of conversion and wrongful transfer of confidential information to Albright

7   during the scope of her employment.  (*Id.* at 20).  In the fifteenth claim for relief, Plaintiffs

8   alleged constructive fraud against the Kamer firm for breaching its legal and equitable duties

9   by misrepresenting and concealing material facts related to the affair until the NLRB

10  threatened to do it themselves.  (*Id.* at 21).  In the sixteenth claim for relief, Plaintiffs alleged

11  unjust enrichment against the Kamer firm because it "unjustly retained the money and property

12  of U-Haul against fundamental principles of justice, equity, and good conscience" and

13  requested that the firm refund the attorneys' fees that Plaintiffs had paid.  (*Id.* at 22).

14          In June 2006, Kamer filed a Motion to Dismiss.  (*See* Docket Sheet Entry #9).  In

15  August 2006, Kamer filed a Motion to Dismiss Plaintiffs' Unjust Enrichment Claim for Relief

16  and a Motion for More Definite Statement Relating to U-Haul's Constructive Fraud Case.  (*See*

17  Docket Sheet Entry #35-36).  On August 17, 2006, Albright died.  (Notice of Death (#46)).  In

18  November 2006, the Court granted Plaintiffs' Motion for Substitution of Parties and substituted

19  Jennifer Cory, Executrix of the Estate of Nathan Albright, as Defendant in place of Albright.

20  (Order (#56)).

21          In June 2007, Judge Sandoval issued an order granting the government's certification

22  motion, certified that Wamser had acted within the course and scope of his employment, and

23  substituted the United States in his place.  (Order (#68) at 4-6).  Although the government did

24  not file a certification for Albright, the Court *sua sponte* concluded that Albright had also acted

25  within the scope of his employment and substituted the United States in his place.  (*Id.* at 8).

26  After substituting the United States for both Wamser and Albright, the Court granted the

27  government's motion to dismiss based on lack of subject-matter jurisdiction for failure to

28  exhaust under the Federal Tort Claims Act.  (*Id.* at 8-9).  The Court declined to exercise

4

1  jurisdiction over the remaining state law claims and denied Kamer's motions as moot.  (*Id.* at

2  10-11).

3      Plaintiffs appealed to the Ninth Circuit.  (*See* Notice of Appeal (#71)).  The Ninth Circuit

4  held that this Court erred by substituting the United States for Albright, but did not err in

5  upholding the Attorney General's certification of Wamser.  (Opinion (#92) at 4).   The Ninth

6  Circuit remanded with instructions that this Court "reinstate U-Haul's claims against Albright

7  . . . [and] reinstate the claims against the other defendants, Debra Wilcher and Kamer Zucker

8  & Abbott, because [this Court] dismissed those claims under the mistaken belief that it lacked

9  subject matter jurisdiction over Albright under the FTCA."  (*Id.* at 5).  The Ninth Circuit stated

10  that, after reinstating those claims, this Court could decide whether to exercise supplemental

11  jurisdiction over the remaining claims.  (*Id.*).

12      In December 2010, this Court reinstated Plaintiffs' claims against Albright, Wilcher, and

13  Kamer.  (Order (#93)).  The pending motions now follow.

14  **LEGAL STANDARD**

15      When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

16  court must accept as true all factual allegations in the complaint as well as all reasonable

17  inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150

18  n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the

19  nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the

20  court should only look to the contents of the complaint during its review of a Rule 12(b)(6)

21  motion to dismiss.  However, the court may consider documents attached to the complaint or

22  referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First

23  Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

24      The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

25  claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

26  Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

27  is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

28  249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does

not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").   Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

**DISCUSSION**

**I.    Kamer's Motion for Ruling on Pending Motions (#96) & Plaintiffs' Motion for Entry of Default (#100)**

Kamer argues that his Motion to Dismiss (#9), Motion to Dismiss Unjust Enrichment Claim for Relief (#35), and Motion for More Definite Statement Relating to U-Haul's Constructive Fraud Cause of Action (#36) are pending motions before this Court.  (Request for Ruling (#96) at 1-2).  He asserts that this Court originally dismissed those motions as moot in a June 14, 2007, order.  (*Id.* at 2).  However, he argues that, upon remand from the Ninth Circuit, this Court reinstated the claims against Albright, Wilcher, and the Kamer firm.  (*Id.*).  He asserts that the above-referenced motions are no longer moot and should be ruled upon by this Court.  (*Id.*).

Plaintiffs respond that the Court ruled on those motions in its previous order and, therefore, there are no pending motions.  (Resp. to Request for Ruling (#99) at 3).  Plaintiffs argue that the second and third motions to dismiss are procedurally improper because Kamer

1
2
3
4
5
6

was required to consolidate all of his available defenses and objections in his first Fed. R. Civ. P. 12 motion. (*Id.* at 3-4). Plaintiffs contend that the basis for the first Rule 12 motion no longer exists because the matter is no longer pending before the NLRB. (*Id.* at 4). Plaintiffs argue that Kamer failed to file a responsive pleading after the Ninth Circuit issued its mandate. (Mot. for Request for Default Entry (#100) at 5). Plaintiffs argue that Defendants are in default pursuant to Fed. R. Civ. P. 55(a). (*Id.* at 5-6).

7
8
9
10

Kamer replies that this Court never issued a substantive ruling on the motions because this Court denied them as moot. (Reply to Request for Ruling (#101) at 2). He asserts that Plaintiffs have never argued before that his second and third motions were procedurally improper. (*Id.* at 3).

11
12
13
14
15
16
17

In response to Plaintiffs' request for default entry, Wilcher argues that the Rule 12 motions are still pending before this Court and, thus, no responsive pleading is required until after this Court's ruling on those motions. (Wilcher Resp. to Request for Default (#102) at 4). Wilcher asserts that, even if the Court determines that the Rule 12 motions are not properly pending before the Court, the Court should not enter a default entry because she had a good faith belief that the Rule 12 motions were properly pending before the Court and Plaintiffs have not suffered any prejudice from the minimal delay. (*Id.* at 6-7).

18
19
20
21
22
23

Pursuant to Rule 12(a)(1), a defendant must serve a responsive pleading within 21 days of being served with the summons or complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). However, if a defendant chooses to file a Rule 12 motion, the time to serve a responsive pleading depends on the court's action. Fed. R. Civ. P. 12(a)(4). If the court denies the motion, the defendant must file a responsive pleading within 14 days of the court's denial. Fed. R. Civ. P. 12(a)(4)(A).

24
25
26
27
28

In this case, the Court interprets Kamer's Motion for Request for Ruling Upon Pending Motions (#96) as a motion to reinstate the motions that Judge Sandoval had denied as moot. Because this Court has not yet ruled on these Rule 12 motions–Motion to Dismiss (#9), Motion to Dismiss Plaintiffs' Unjust Enrichment Claim for Relief (#35), and Motion for More Definite Statement Relating to U-Haul's Constructive Fraud Cause of Action (#36)–no responsive

1   pleading is due.  Therefore, Plaintiffs' request for a default entry based on Kamer's failure to

2   file a responsive pleading is premature.  Accordingly, the Court GRANTS Kamer's Motion for

3   Request for Ruling Upon Pending Motions (#96) and DENIES Plaintiffs' Request for the Entry

4   of Default (#100).

5   **II.       Kamer's Motion to Dismiss (#9)**[1]

6           In June 2006, Kamer argued that Plaintiffs had appealed the ALJ's decision to the

7   NLRB and had filed a motion to reopen upon learning about the affair.  (Mot. to Dismiss (#9)

8   at 4).  Kamer argued that because the appeal was still pending there was no final judgment

9   in the underlying matter between Plaintiffs and the NLRB.  (*Id.* at 5).  Kamer asserted that, in

10  Nevada, a party cannot file a legal malpractice suit while an appeal on the underlying case is

11  still pending.  (*Id.* at 9).  Kamer asserted that Plaintiffs' claims against it were premature.  (*Id.*).

12  Kamer sought dismissal, without prejudice, until after Plaintiffs had appealed the NLRB's

13  ultimate decision to the Ninth Circuit.  (*Id.* at 11).

14          In response to Kamer's motion to consider this "pending" motion, Plaintiffs argue that

15  the basis for this motion no longer exists because there is no longer a pending matter before

16  the NLRB.  (Resp. to Request for Ruling (#99) at 4).

17          In reply, Kamer asserts that Plaintiffs have waived any claim for legal malpractice

18  because they entered into a Formal Settlement Stipulation.  (Reply to Request for Ruling

19  (#101) at 4-5).

20          In this case, Plaintiffs are correct that the basis for Kamer's original motion to dismiss

21  is no longer relevant because there is no proceeding pending before the NLRB.  Accordingly,

22  the Court DENIES the Motion to Dismiss (#9).

23  **III.      Kamer's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim for Relief (#35)**

24          Kamer argues that Plaintiffs' unjust enrichment claim fails as a matter of law because

25  there can be no action for unjust enrichment when there is an express written agreement.

26  (Mot. to Dismiss Unjust Enrichment (#35) at 4).   Kamer asserts that Plaintiffs' unjust

27

28  _____

    [1]  Wilcher filed a joinder to Kamer's motion to dismiss (#9).  (Joinder (#20)).

1   enrichment claim is based on the attorney-client contract agreement between itself and
2   Plaintiffs.  (*Id.*).

3   Plaintiffs respond that the complaint does not address a contractual relationship
4   between Plaintiffs and Kamer and does not allege a breach of contract against Kamer.  (Opp'n
5   to Mot. to Dismiss Unjust Enrichment (#43) at 6).  Plaintiffs also assert that, under Fed. R. Civ.
6   P. 8(e)(2), they can plead both contract and quasi-contract claims without being inconsistent.
7   (*Id.* at 7).

8   Kamer replies that Rule 8(e)(2) has no application because the unjust enrichment claim
9   fails as a matter of law because the claim is based on an express contract between the
10  parties.  (Reply to Mot. to Dismiss Unjust Enrichment (#48) at 2).  Kamer argues that, although
11  the retainer agreement between the parties is not attached to the complaint, the unjust
12  enrichment claim makes it clear that there is an express agreement between the two parties.
13  (*Id.* at 3).

14  In a supplemental filing, Kamer attached a copy of the fee agreement executed
15  between the Kamer firm and Plaintiffs in May 2003.  (Suppl. Mot. (#51) at 1).  The fee
16  agreement provides the hourly rates for partners, associates, and paralegals, and
17  acknowledged that it was a binding contract between the parties.  (*Id.* at 5-6).  Both Plaintiffs
18  and Kamer signed the agreement.  (*Id.* at 7).

19  In response to the supplemental filing, Plaintiffs argue that the agreement does not
20  contain the scope and duration of the Kamer firm's representation of U-Haul.  (Resp. to Suppl.
21  Mot. (#53) at 2).  Plaintiffs assert that the unjust enrichment claim is not governed by the fee
22  agreement because the claim is based on the firm's mishandling of U-Haul's representation.
23  (*Id.*).

24  In a Rule 12(b)(6) motion to dismiss, a court may consider documents attached to the
25  complaint or referred to in the complaint whose authenticity no party questions.  *Shwarz v.*
26  *United States*, 234 F.3d 428, 435 (9th Cir. 2000); *see Durning v. First Boston Corp.*, 815 F.2d
27  1265, 1267 (9th Cir. 1987).

28  In Nevada, unjust enrichment occurs when a person has and retains a benefit which

9

in equity and good conscience belongs to another.  *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).  The elements of unjust enrichment/quasi-contract include: "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof."  *Id.*  "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."  *Id.*  The "doctrine of unjust enrichment . . . applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]."  *Id.*

In this case, Plaintiffs do not dispute the validity of the fee agreement between the parties.  However, in viewing the facts in the light most favorable to Plaintiffs, their unjust enrichment claim is based on more than just the fee agreement, and instead includes the scope of Kamer's legal representation.  There is no express agreement before the Court on that issue.  Accordingly, the Court DENIES the motion to dismiss (#35).

**IV.    Kamer's Motion for More Definite Statement Relating to U-Haul's Constructive Fraud Cause of Action (#36)**

Kamer seeks a more definite statement regarding Plaintiffs' constructive fraud claim pursuant to Rule 12(e).  (Mot. for Definite Statement (#36) at 4).  Kamer argues that the pleading fails to plead fraud or mistake with particularity and seeks a list of detailed allegations pursuant to Rule 9(b).  (*Id.* at 4-5).

Plaintiffs respond that constructive fraud claims are not subject to Rule 9(b)'s pleading requirements.  (Opp'n to Mot. for Definite Statement (#45) at 7).  Plaintiffs assert that, even if constructive fraud claims are subject to the heightened pleading standard, they pled with particularity.  (*Id.* at 8).

In Nevada, constructive fraud is "the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive

others or to violate confidence."   *Perry v. Jordan*, 900 P.2d 325, 337 (Nev. 1995). "Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship."   *Id.*

Nevada courts require plaintiffs to plead constructive fraud with Rule 9(b) particularity. *See Patterson v. Grimm*, No. 2:10-cv-1292-JCM-RJJ, 2010 WL 4395419, at *3-5 (D. Nev. Nov. 1, 2010) (noting that any claim of fraud must be pled with particularity under Rule 9(b) including plaintiff's constructive fraud claim); *Hutchison v. KFC Corp.*, 809 F.Supp. 68, 70 (D. Nev. 1992)  (granting plaintiffs leave to amend to plead their common law and constructive fraud claims with more particularity).

Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."   Fed. R. Civ. P. 9(b).   In alleging fraud with particularity, a party must aver the "who, what, when, where, and how" of the misconduct charged.   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

In this case, Plaintiffs have satisfied the Rule 9(b) requirements for their constructive fraud claim against the law firm.  (*See* Compl. (#1-1) at 21).  By incorporating their factual allegations into the claim, Plaintiffs identified specific members of the law firm who breached a confidential relationship–Gregory Kamer, Carol Davis Zucker, Scott Abbott, Edwin Keller, and Jody Florence.  (*See id.* at 3, 8-9).  Plaintiffs alleged the "what" and "how" by stating that those attorneys had "failed to inform U-Haul of the Affair and related matters until forced to do so by the threat of Ms. Morgan to do it herself.  During the time of concealment, the Law Firm acted to protect its own interest and abandoned the interests of U-Haul." (*See id.* at 21). Plaintiffs alleged the "when" between October 14, 2005, and October 20, 2005.  (*See id.* at 8-9).  Plaintiffs alleged that the "where" occurred at the offices of the Kamer firm.  (*See id.*). Accordingly, Plaintiffs have pled their constructive fraud claim with Rule 9(b) particularity and this Court DENIES Kamer's Motion for More Definite Statement Relating to U-Haul's Constructive Fraud Cause of Action (#36).

///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Kamer's Request for Ruling Upon Pending Motions (#96) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Request for Entry of Default (#100) is DENIED.

IT IS FURTHER ORDERED that Kamer's Motion to Dismiss (#9) is DENIED.

IT IS FURTHER ORDERED that Kamer's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim for Relief (#35) is DENIED.

IT IS FURTHER ORDERED that Kamer's Motion for More Definite Statement Relating to U-Haul's Constructive Fraud Cause of Action (#36) is DENIED.

IT IS FURTHER ORDERED that Defendants file an answer. Pursuant to oral argument discussions, the Court grants Defendants permission to file subsequent motions to dismiss.

DATED: This 5th day of July, 2011.


_____
United States District Judge

12