1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., a Nevada )
corporation; and U-HAUL INTERNATIONAL, )
INC., a Nevada corporation )
)
        Plaintiffs, )
)
      v. )
)
GREGORY J. KAMER, LTD d/b/a KAMER )
ZUCKER & ABBOTT, a Nevada professional )
corporation; DEBRA WILCHER; a Nevada )
resident; NATHAN W. ALBRIGHT, a Virginia )
resident; STEVEN WAMSER, a Nevada )
resident; DOES 1-10; inclusive; and ROE )
CORPORATIONS 1-10, inclusive, )
)
        Defendants. )
_____

2:06-cv-618-RCJ-PAL

**ORDER**

       This case arises from a partial remand from the Ninth Circuit on one of Judge Sandoval's former cases involving attorney misconduct during proceedings before the National Labor Relations Board ("NLRB"). Pursuant to the Ninth Circuit's remand instructions, this Court reinstated Plaintiffs U-Haul Company of Nevada, Inc.'s and U-Haul International Inc.'s ("Plaintiffs") claims against Nathan Albright, Debra Wilcher, and the law firm of Kamer, Zucker, & Abbott ("Kamer" or "Kamer firm"). (*See* Order (#93)). Currently before the Court is a Motion to Remand (#116).[1] The Court heard oral argument on October 21, 2011.

## BACKGROUND

       In May 2006, the United States filed a petition for removal alleging that an officer of the United States, Steven Wamser, had been named as a defendant in the case. (Pet. for

_____

      [1] Kamer filed a motion to file a third-party complaint and a motion to consolidate in its opposition to the motion to remand. (*See* Opp'n to Mot. to Remand (#118) at 14, 16).

1   Removal (#1) at 1-2).  The government attached both Plaintiffs' complaint and a certification

2   for Wamser stating that he was acting within the scope of his employment as an employee of

3   the United States at all relevant times in the complaint.  (*See* Compl. (#1-1) at 2; *see*

4   Certification of Scope of Emp't (#1-1) at 25).

5        Plaintiffs complaint alleged the following against Defendants Gregory J Kamer, Ltd.

6   d/b/a Kamer Zucker & Abbott; Debra Wilcher; Nathan W. Albright; and Steven Wamser.

7   (Compl. (#1-1) at 2).  Wamser and Albright were employees of the NLRB.  (*Id.* at 3).  In 2004,

8   the NLRB initiated proceedings against Plaintiffs and appointed Wamser and Albright to

9   prosecute the action.  (*Id.* at 4).  Plaintiffs hired the Kamer firm to provide legal representation

10  during the NLRB proceedings.  (*Id.*).  At some time beginning in 2004 through October 2005,

11  Albright and Wilcher, a paralegal employed by the Kamer firm, "conducted and carried on an

12  illicit and clandestine sexual relationship." (*Id.* at 5).  Albright's wife, Jennifer Cory, confronted

13  Albright about the affair in February 2005 and threatened to report him to the state bar and the

14  NLRB.  (*Id.*).  In March of 2005, Wilcher left the law firm's employment but then returned to

15  work there in early-May 2005.  (*Id.*).  During the course of the affair, Wilcher provided Albright

16  "with confidential information, which was reviewed and utilized by" Albright in the NLRB

17  proceeding.  (*Id.* at 6).  The confidential information included a document prepared by the law

18  firm that had provided a critical analysis of the entire proceeding for U-Haul's in-house

19  counsel.  (*Id.*).  Albright and Wilcher had discussed all aspects of the proceeding during their

20  affair.  (*Id.*).  Albright had "influenced" Wilcher to provide him with confidential information

21  pertaining to Plaintiffs' position in the proceeding.  (*Id.*).  Wilcher sat in on and participated in

22  witness preparation, served as custodian for the trial record, and was present throughout the

23  proceedings.  (*Id.*).

24       Plaintiffs alleged that Wamser knew of the affair and had used the confidential

25  information obtained by Albright.  (*Id.*).  On September 30, 2005, an administrative law judge

26  ("ALJ") issued a decision that Plaintiffs had violated the National Labor Relations Act ("NLRA").

27  (*Id.* at 7).  On September 5, 2005, Albright informed the NLRB's Regional Director of his

28  wrongful behavior and asked Wilcher not to disclose the fact that confidential information had

been exchanged between them.  (*Id.*).  On October 13, 2005, Albright contacted the Kamer firm and requested a meeting with Gregory Kamer.  (*Id.* at 8).  Upon learning of Albright's meeting with Kamer, Wilcher provided Kamer with a one-page summary of her relationship with Albright, orally informed Kamer of the affair, and denied giving any confidential information to Albright.  (*Id.*).  On October 15, 2005, Albright told Kamer that he had obtained confidential information, including the aforementioned document, from Wilcher.  (*Id.*).  The Kamer firm initiated an investigation and placed Wilcher on administrative leave.  (*Id.*).  On October 19, 2005, an NLRB investigator, Terry Morgan, contacted the firm and requested an interview with Wilcher.  (*Id.* at 9).  After Morgan interviewed Wilcher on October 20, 2005, Wilcher resigned.  (*Id.*).  After meeting with the partners of the law firm that same day, Morgan learned that nobody at the law firm had informed Plaintiffs of Albright's conduct.  (*Id.*).  Morgan told the law firm that she would research whether she had a duty to inform Plaintiffs herself. (*Id.*).  After meeting with Morgan, the partners held a meeting and, as a result, the law firm contacted Plaintiffs' general counsel and informed him of the affair.  (*Id.*).

Plaintiffs alleged sixteen causes of action.  (*Id.* at 10).  In the first claim for relief, Plaintiffs alleged conversion against Albright and Wilcher for exerting an act of domain over their confidential communications.  (*Id.*).  In the second claim for relief, Plaintiffs alleged fraud against Albright and Wilcher.  (*Id.* at 11).  In the third claim for relief, Plaintiffs alleged constructive fraud against Albright and Wilcher.  (*Id.* at 12).  In the fourth claim for relief, Plaintiffs alleged civil conspiracy against Albright and Wilcher.  (*Id.* at 13). In the fifth claim for relief, Plaintiffs alleged malpractice and professional misconduct against Albright.  (*Id.*).  In the sixth and seventh claims for relief, Plaintiffs alleged negligent supervision, professional misconduct, and acting in concert against Wamser.  (*Id.* at 13-15).

In the eighth claim for relief, Plaintiffs alleged legal malpractice against the Kamer firm because the firm breached its duty to use skill, prudence, and diligence in exercising and performing their legal tasks.  (*Id.* at 16).  In the ninth claim for relief, Plaintiffs alleged a breach of fiduciary duty against the Kamer firm because of the firm's conduct before and after the discovery of the affair.  (*Id.* at 17).  In the tenth cause of action, Plaintiffs alleged a breach of

the duty to maintain confidentiality against the Kamer firm.  (*Id.*).  In the eleventh cause of action, Plaintiffs alleged negligence against the law firm because it breached the duty of care it owed to Plaintiffs.  (*Id.* at 18).  In the twelfth claim for relief, Plaintiffs alleged negligent hiring against the law firm for hiring and then rehiring Wilcher even though the firm "knew, or should have known" of Wilcher's "unethical and dangerous propensities, including, without limitation, the existence and continuance" of the affair when it rehired Wilcher.  (*Id.* at 19).  In the thirteenth claim for relief, Plaintiffs alleged negligent supervision against the Kamer firm for breach of duty to properly supervise its employee, Wilcher.  (*Id.* at 19-20).  In the fourteenth claim for relief, Plaintiffs alleged vicarious liability/respondeat superior against the Kamer firm for Wilcher's acts of conversion and wrongful transfer of confidential information to Albright during the scope of her employment.  (*Id.* at 20).  In the fifteenth claim for relief, Plaintiffs alleged constructive fraud against the Kamer firm for breaching its legal and equitable duties by misrepresenting and concealing material facts related to the affair until the NLRB threatened to do it themselves.  (*Id.* at 21).  In the sixteenth claim for relief, Plaintiffs alleged unjust enrichment against the Kamer firm because it "unjustly retained the money and property of U-Haul against fundamental principles of justice, equity, and good conscience" and requested that the firm refund the attorneys' fees that Plaintiffs had paid.  (*Id.* at 22).

On August 17, 2006, Albright died.  (Notice of Death (#46)).  In November 2006, the Court granted Plaintiffs' Motion for Substitution of Parties and substituted Jennifer Cory, Executrix of the Estate of Nathan Albright, as Defendant in place of Albright.  (Order (#56)).

In June 2007, Judge Sandoval issued an order granting the government's certification motion, certified that Wamser had acted within the course and scope of his employment, and substituted the United States in his place.  (Order (#68) at 4-6).  Although the government did not file a certification for Albright, the Court *sua sponte* concluded that Albright had also acted within the scope of his employment and substituted the United States in his place.  (*Id.* at 8).  After substituting the United States for both Wamser and Albright, the Court granted the government's motion to dismiss based on lack of subject-matter jurisdiction for failure to exhaust under the Federal Tort Claims Act.  (*Id.* at 8-9).  The Court declined to exercise

1    jurisdiction over the remaining state law claims and denied Kamer's outstanding motions as

2    moot. (*Id.* at 10-11).

3        Plaintiffs appealed to the Ninth Circuit. (*See* Notice of Appeal (#71)). The Ninth Circuit

4    held that this Court erred by substituting the United States for Albright, but did not err in

5    upholding the Attorney General's certification of Wamser. (Opinion (#92) at 4).   The Ninth

6    Circuit remanded with instructions that this Court "reinstate U-Haul's claims against Albright

7    . . . [and] reinstate the claims against the other defendants, Debra Wilcher and Kamer Zucker

8    & Abbott, because [this Court] dismissed those claims under the mistaken belief that it lacked

9    subject matter jurisdiction over Albright under the FTCA." (*Id*. at 5). The Ninth Circuit stated

10    that, after reinstating those claims, this Court could decide whether to exercise supplemental

11    jurisdiction over the remaining claims. (*Id.*).

12        In December 2010, this Court reinstated Plaintiffs' claims against Albright, Wilcher, and

13    Kamer. (Order (#93)). On July 2011, after oral argument, this Court granted Kamer's motion

14    to reinstate the motions that Judge Sandoval had denied as moot but substantively denied

15    those motions. (*See* Order (#108) at 7-11). Plaintiffs now file the pending motion to remand

16    to state court.

17                                    **DISCUSSION**

18    **I.    Motion to Remand (#116)**

19        Plaintiffs file a motion to remand to state court because there is no longer a basis for

20    the Court to exercise original jurisdiction in this case now that the claims against the United

21    States have been dismissed. (Mot. to Remand (#116) at 3-4). Plaintiffs argue that there is

22    no federal question or diversity jurisdiction. (*Id.* at 4). Plaintiffs argue that the Court should

23    decline to exercise supplemental jurisdiction because the values of economy, convenience,

24    fairness, and comity favor remand. (*Id.* at 6).

25        In response, Kamer argues that this Court should exercise supplemental jurisdiction

26    over this case because of judicial economy, convenience, fairness, and comity considerations.

27    (Opp'n to Mot. to Remand (#118) at 9). Kamer argues that this Court has invested significant

28    time and resources in developing familiarity with the parties and claims involved in this case

                                         5

1   because the United States removed this case in May 2006.  (*Id.*).  Kamer asserts that the

2   motions before this Court and the appeal have narrowed the issues for determination and that

3   remand would result in judicial inefficiency.  (*Id.*).  Kamer asserts that it would be more

4   convenient for the parties to remain in federal court because the companion case, 2:08-cv-

5   729-KJD-RJJ,[2] derives from a common nucleus of operative facts and the parties anticipate

6   that discovery for both cases will be identical.  (*Id.* at 9-10).  Kamer argues that it would be fair

7   to both parties to keep the case in federal court because the parties can avoid paying

8   duplicative fees and expenses in another court.  (*Id.* at 11).  Kamer also argues that this Court

9   has already decided to exercise supplemental jurisdiction over this case by reinstating and

10  ruling on the motions that Judge Sandoval had denied as moot.  (*Id.* at 12).

11      Wilcher also files an opposition to Plaintiffs' motion to remand.  (Wilcher Opp'n to Mot.

12  to Remand (#119)).  She requests that, if the Court declines to exercise supplemental

13  jurisdiction, that the Court dismiss all claims against Kamer and herself.  (*Id.* at 9).

14      The supplemental jurisdiction statute provides that "in any civil action of which the

15  district courts have original jurisdiction, the district courts shall have supplemental jurisdiction

16  over all other claims that are so related to claims in the action within such original jurisdiction

17  that they form part of the same case or controversy under Article III of the United States

18  Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental

19  jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over

20  which it has original jurisdiction.  *Id.* § 1367(c)(3).

21      In determining whether to exercise supplemental jurisdiction, the Court should consider

22  the values of judicial economy, convenience, fairness, and comity.  *See Carnegie-Mellon Univ.*

23  *v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988).  The Ninth Circuit has

24  held that the "decision whether to continue to exercise supplemental jurisdiction over state law

25  claims after all federal claims have been dismissed lies within the district court's discretion."

26  *Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).

27

28      [2]  In that case, also known as the "Government Case," Plaintiffs have sued the United States, Nathan Albright, and Steve Wamser under the FTCA.  (*Id.* at 9-10).

In this case, Plaintiffs are correct that this Court no longer has original jurisdiction in this case because the United States is no longer a party.  The Court declines to exercise supplemental jurisdiction in this case.  Although this case has been before this Court since 2006, the case has not proceeded past the pleading stage.  Therefore, after considering judicial economy, convenience, and fairness, the Court declines to exercise supplemental jurisdiction.  The Court further notes that, based on comity concerns, the state court should address the state law claims in this case.  Accordingly, the Court grants the Motion to Remand (#116).

**II.      Motion for Leave to File Third-Party Complaint & Motion to Consolidate (#118)**

Kamer also files a motion for leave to file a third party complaint against Steven Wamser/United States.  (Opp'n to Mot. to Remand (#118) at 14).  Alternatively, Kamer seeks to consolidate this case with the Government Case.  (*Id.* at 16).

Because the Court declines to exercise supplemental jurisdiction in this case, the Court denies the motion for leave to file third-party complaint (#118) for lack of jurisdiction. Additionally, based on the proceedings before Judge Dawson in the Government Case, the Court denies the motion to consolidate (#118).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion to Remand (#116) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File a Third-Party Complaint (#118) is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Motion to Consolidate (#118) is DENIED.


DATED: This 22nd day of December, 2011.


_____
United States District Judge